**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

KEITH A. WILANT,                    )
                                    )
                Plaintiff,          )
                                    )
        v.                          )        C.A. No.: N17C-10-365 CEB
                                    )
BNSF RAILWAY COMPANY, f/k/a         )
BURLINGTON NORTHERN AND             )
SANTA FE RAILWAY COMPANY            )
                                    )
                Defendant.          )

Submitted: June 12, 2020
Decided: July 9, 2020

**ORDER**

Before the Court is Plaintiff's motion for reconsideration of the Court's ruling that excluded Plaintiff's expert witness under the *Daubert* standard and consequently granting Defendant's motion for summary judgment. The following are the Court's rulings on Plaintiff's motion.

1.     Plaintiff first argues that the Court incorrectly granted summary judgment on two grounds: one that excluded the expert testimony of Plaintiff's general causation expert, Dr. Harrison and a second that excluded the expert testimony of Plaintiff's specific causation expert, Dr. Perez. The docket does indeed reflect those judgments.

1

2.      The Court's opinion did not reach the testimony of Dr. Perez under the *Daubert* standard.  Once the Court found Dr. Harrison's testimony inadmissible, the Court did not reach the testimony of Dr. Perez at all.  The docket entry incorrectly characterizes the Court's ruling and to that extent, Plaintiff's motion is granted and Docket Entry No. 110 will be vacated as that was not the Court's ruling and reflects a clerical error.

3.      The second basis for Defendant's motion is an argument that the Court should have granted Plaintiff a live hearing on Dr. Harrison's *Daubert* testimony in order for Plaintiff to more or better articulate why Dr. Harrison's testimony meets the *Daubert* standard.

4.      The problem with Plaintiff's position is that it is not the position it took before the Court entered its Order.  To the contrary, the Court inquired of the parties from the first teleconference in this matter in October, 2019, whether either party believed a *Daubert* hearing with live testimony was necessary and both parties agreed that the Court could rely upon the deposition testimony of the expert witnesses and the arguments of counsel.[1]  Specifically, the following occurred:

> [Plaintiff's Counsel]: I mean, typically, when it comes down to Daubert, I mean, I think the depositions were thorough. We typically, if given the choice, would prefer to have a Daubert hearing and present our experts. But, you know, if your Honor doesn't think that's necessary, then we could just proceed forward. I mean, I think they were pretty vigorous discovery depositions.

---

[1] *See* Official Transcript of Teleconference, October 17, 2019, D.I. No. 122

THE COURT: Well, do you feel there was anything not covered in a deposition that you want to have factfinding on?

[Plaintiff's Counsel]: No, I think everything was covered in the discovery deps.[2]

5.  Having reviewed the excellent briefs and arguments of both counsel and the detailed questioning at the deposition, it is understandable why the parties were comfortable resting on the record as developed by the parties. The mere fact that the outcome did not go the way Plaintiff hoped is not a basis for giving Plaintiff a mulligan and starting over.

Having considered Plaintiff's motion for reconsideration of the Court's *Daubert* ruling, that motion is **DENIED**. Plaintiff's motion to correct the record with respect to the testimony of Dr. Perez is granted and the Court's record will reflect that judgment as to that issue is **VACATED**.

**IT IS SO ORDERED.**

Judge Charles E. Butler

---

[2] Id. at pp. 13-14.